Saul S. Street, J.
Plaintiff moves pursuant to rule 109 of the Rules of Civil Practice to strike out the first defense and for dismissal of the first counterclaim and the second, third and fourth alternative counterclaims for insufficiency, or, alternatively, pursuant to rules 102 and 103 to strike out that portion of paragraphs 9, 13 and 15 which repeats and realleges paragraph 4 of the answer, and further requiring the plaintiff to make the first counterclaim and the second and third alternative counterclaims more definite and certain.
The action is one to recover moneys loaned. In the first defense the defendant alleges that plaintiff is a foreign stock corporation carrying on the business of discounting bills, notes and other evidences of debt, and that the loans made to the defendant were against defendant’s notes delivered to plaintiff at a discount in violation of section 18 of the General Corporation Law. Plaintiff argues only that the action is for moneys loaned, and not on notes, and that in any event the plaintiff comes within the exception contained in section 18, since the loans were made in connection with pledges of personalty. The latter fact appears neither in the complaint nor in the defense. Plaintiff pleads the loan upon a special agreement. If the loan was in fact a discount operation in violation of section 18, the note or notes would be void, and the recovery of the face amount thereof in accordance with their tenor would amount to their indirect enforcement. While plaintiff claims to be entitled to the recovery of the loan hs such to the extent moneys were actually advanced, the matter pleaded should be permitted to stand as defense against any attempt to enforce the note directly or indirectly (see Miller v. Discount Factors, 1 N Y 2d 275, 283).
In its first counterclaim the defendant alleges that plaintiff sold certain leather goods to a third party, which goods were owned by the defendant and a part thereof pledged with plaintiff as security for certain loans. A conversion is claimed by reason of plaintiff’s alleged sale without notice, as required by law, and without defendant’s consent. Since defendant contends that it owned all of the property sold by plaintiff to the third party and that only part thereof had been pledged by plaintiff, a cause in conversion is stated at least as to the portion not pledged. The statement of the sale of defendant’s property *627 without consent and authority and contrary to statute is not conclusory. However, the first counterclaim does fail to identify the corporate parties, and for this reason the first counterclaim must be repleaded.
In its second alternative counterclaim defendant realleges its title, the pledge of the property owned by it, and the sale. It also realleges improperly that allegation of the first defense which sets forth the alleged discount operation. It alleges, further, that the pledged goods were delivered upon agreement that plaintiff would give defendant reasonable notice of sale, that plaintiff failed to give any notice, and the sale was thus in violation of the contract. Save for the failure to identify the parties and for the improper reallegation of the first defense, the second alternative counterclaim would be good. However, because of the defects noted, it must be repleaded.
In its third alternative counterclaim, defendant again repeats the two errors just noted and relies only on the allegation of title, pledge and sale, with the additional allegation that by reason thereof plaintiff is indebted to the defendant. At least as to that portion of the goods belonging to defendant and sold by plaintiff and not pledged to it, a cause for money had and received is set forth. However, because of the errors noted, the third alternative counterclaim must be repleaded.
In its fourth alternative counterclaim defendant realleges title, pledge and sale. It is alleged further that plaintiff agreed to advance 80% of the value of the merchandise and that the agreed value was 25%, over $55,000. There is no allegation of failure to make advancements, but it is alleged that plaintiff disposed of the merchandise and failed to account to defendant or to credit defendant with the value of the merchandise sold against the amounts loaned. The statement of this cause is not clear, and certainly adds no new and additional theory of recovery. It also fails to identify the corporate parties and improperly realleges paragraph 4 of the answer. The fourth alternative counterclaim is insufficient.
The motion is denied as to the first separate defense. It is granted, dismissing the fourth alternative counterclaim for insufficiency. It is granted as to the first counterclaim for failure to identify the corporate parties. It is granted as to the second and third alternative counterclaims for failure to identify the corporate parties and for improper inclusion of paragraph 4 of the answer. Defendant may replead within 20 days from service of a copy of this order with notice of entry.